### Raspberry v. Raspberry.

(Decided November 9, 1920.)

## Appeal from Calloway Circuit Court.

Divorce—Alimony—Basis of Allowance.—In estimating the alimony that should be allowed when the wife is granted a divorce there should be taken into consideration the condition of the husband's health and earning capacity as well as the condition of his estate.

E. P. PHILLIPPS for appellant.

THOMPSON & SPEIGHT and A. D. THOMPSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Reversing.

On this appeal Thula Raspberry, who obtained a divorce from her husband, R. H. Raspberry, complains that the lower court did not allow her a sufficient sum of alimony and attorney fees.

These parties were married in 1912 and separated in 1919. No children were born of the marriage.

Mrs. Raspberry in 1919 brought a suit against her husband for alimony and maintenance upon the ground that he had abandoned her without cause and refused to support her. In his answer and counterclaim Raspberry sought a divorce from the bonds of matrimony upon the grounds that his wife had been guilty of adultery and of such lewd and lascivious behavior as showed her to be unchaste. After this answer was filed Mrs. Raspberry filed a reply and an amended petition, in which she averred that the charge of adultery and lewd and lascivious conduct was false and malicious and such cruel and inhuman treatment as entitled her to a divorce from the bonds of matrimony. She prayed for an absolute divorce, alimony and attorney's fees.

When the case was heard on the pleadings and evidence the court adjudged that Mrs. Raspberry was entitled to an absolute divorce, and further adjudged that she recover $350.00 as alimony and $50.00 as fee for her attorney. This appeal is prosecuted by Mrs. Raspberry, who complains that the allowance of alimony and attorney's fees was wholly inadequate.

Before taking up the question of the allowances we may stop to say that there was no evidence that would warrant the court in finding that Mrs. Raspberry was guilty of adultery or such lewd and lascivious conduct as showed her to be unchaste, although it must be said that on a few occasions she was guilty of indiscretions not becoming a married woman, and so the court correctly ruled that the husband was not entitled to a divorce and that he should pay alimony and attorney's fees. We have no jurisdiction to review the judgment of divorce and need not express an opinion as to the sufficiency of the grounds on which it was granted.

Coming now to the question of alimony and attorney's fees, the evidence shows that these people were married when both of them were young. The only property he had at the time of their marriage in 1912 was a horse and buggy and $50.00 in money and she only had a cow that her father gave her. After the marriage and until the separation they lived on a farm and before 1919 their relations were reasonably happy. Both of them worked and at the time of the separation had accumulated property of the value of about $1,250.00. When they separated he gave his wife all the little household furniture

they had and $25.00 in money, paid debts amounting to about $1,150.00, leaving him with only about $100.00 in money. No question is raised as to the justness of any of the debts except one of $600.00 that he paid to his father for rent. The evidence leaves the impression that this rent claim was not a *bona fide* indebtedness and that the $600.00 was paid to his father with the purpose of disposing of the money he had on hand in such a way that his wife might not be able to get it.

Assuming that the $600.00 alleged and proven to have been paid to the father was not a payment in good faith, it would leave the husband at the time of the separation in the possession of about $700.00, after the payment of debts the correctness of which is not disputed. The lower court allowed the wife for alimony and attorney's fees $400.00, which would be a little more than one-half of the money the husband had, but under the circumstances we are of the opinion that these allowances were not entirely adequate.

The wife has no property of any kind except the furniture and $25.00, supplemented perhaps by a small sum she received as her share of a tobacco crop that she raised. He, so far as the evidence shows, is about twenty-eight years of age, able-bodied, vigorous and in good health, and as the wife was granted an absolute divorce the amount of alimony the husband should pay should not be estimated alone according to the value of his property. There should be taken into consideration the condition of his health and earning capacity as well as the condition of his estate.

Accordingly, we think that the court should have allowed $500.00 as alimony and $100.00 as attorney's fees and cost.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity with this opinion.