**Mary McCAULEY, Appellant,**

v.

**David McCAULEY, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1971.

Rehearing Denied June 18, 1971.

Robert S. Miller, Miller, Griffin & Marks, Lexington, for appellant.

John Swinford, J., Thaxter Sims, Swinford & Sims, Cynthiana, for appellee.

CLAY, Commissioner.

In this action appellant was granted a divorce, awarded lump-sum alimony in the amount of $1,250, and was allowed to keep certain household goods and a 1965 Buick automobile. The parties had been married nine and one-half years and had no children. Appellant contends she should have been allowed periodic alimony.

At the time of the hearing appellant was 52 years of age and her husband was 61. The husband was the sole owner of a corporation and the Chancellor found his net worth to be $5,732. His admitted annual earnings were approximately $6,240, plus about $150 monthly business expenses.

There is a dispute about his net worth, and appellant claims that he has been using the corporation to build up undisclosed assets. Appellee claims that actually his accumulated estate, including corporate assets, was less than $500 because the net-worth figure found by the Chancellor included more than $5,000 which he had inherited from his father.

The Chancellor did not make findings of fact and conclusions of law required by CR 52.01, and the state of the record is such that we cannot adequately review the correctness of this allowance. He did determine that the husband's net worth was $5,732. We do not know whether this figure included $5,250 which the husband had inherited from his father in 1965. The husband in his brief insists that it did, and if so, the wife normally would not be entitled to any share of this inheritance from the standpoint of dividing an estate accumulated by them during the marriage. If we deduct the inheritance from the net-worth figure, there would be practically no accumulated estate to divide, and in such case the allowance of periodic alimony would be indicated. See Muir v. Muir, 133 Ky. 125, 92 S.W. 314 (1906); Raspberry v. Raspberry, 189 Ky. 502, 225 S.W. 148 (1920); Martin v. Martin, Ky., 445 S.W.2d 702 (1969).

There is evidence in the record which would justify a finding that the husband's net worth, including the inheritance, was $11,000. It may be the Chancellor deducted the inheritance from this figure and arrived at the net-worth amount of $5,732. However, without any findings before us, we do not know what part, if any, the inheritance played in determining what would be an equitable allowance to the wife, nor does it appear that the husband's earnings were given any consideration with respect to such allowance.

We call attention to an apparent discrepancy in the allowance actually made. The 1965 Buick automobile which was ordered transferred to the wife was carried on the books of the corporation at a value of $500, and this amount was included in the husband's net-worth figure. In making the award to the wife, which the Chancellor recited was "about 40% of his net worth", this automobile was valued at $1,400. It thus appears that the husband was credited with $1,400 on a $500 asset.[1]

In view of the uncertainties appearing in this record that were not resolved by findings of fact and conclusions of law, we are of the opinion that the case should be remanded for reconsideration.

We have recently reappraised the problems involved in the division of property and the award of alimony in Colley v. Colley, Ky., 460 S.W.2d 821 (decided November 27, 1970). Therein we set forth a consistent method of approach and certain guidelines which should aid in the resolution of these problems. We are of the opinion that the present controversy should be reconsidered in the light of the principles announced in the Colley case.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.

---

1. We do not intimate that the $1,400 valuation was incorrect, but the husband cannot claim that it had a value of only $500 as one of his assets but had a value of $1,400 when this asset is given to the wife.