**Martha COLEMAN and Fielden Woodward, Appellants,**

v.

**Everett S. COLEMAN, Appellee.**

Court of Appeals of Kentucky.

March 31, 1971.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellants.

Robert M. Short, Humphrey, Jones, Short & Wilson, Owensboro, for appellee.

EDWARD P. HILL, Jr., Judge.

This appeal is from a judgment awarding the appellant Martha Coleman $10,000 lump-sum alimony, subject to a credit of $1,000, and from that part of the judgment allowing an attorney fee to her attorney, Fielden Woodward.

The appellants state early in their brief that they do not desire to press the appeal concerning the attorney's fee.

The judgment appealed from was entered March 31, 1970, which was many months

before this court rendered its opinion in Colley v. Colley, Ky., 460 S.W.2d 821 (November 27, 1970).

The parties were married September 6, 1964, and separated sometime before June 4, 1968. The appellant Martha Coleman, hereinafter referred to as Martha, had been married twice previously and had one child by her second marriage. The appellee, Everett S. Coleman, hereinafter referred to as Everett, had one previous marriage to which four children were born.

The judgment of divorce was granted to Martha.

The chancellor found in his findings of fact that Everett's net estate at the time of their marriage was $44,703.18 and that his net estate at the time of separation was $75,008.56, which showed an increase in accumulated estate during their marriage of $30,305.38. As indicated above, the chancellor awarded Martha lump-sum judgment of $10,000 subject to the above credit, which is just under one-third of the increased estate of Everett during the marriage period.

The chancellor designated the allowance to Martha as "lump sum alimony."

In the chancellor's findings of fact of January 27, 1970, after discussing Martha's personal income and her private estate, he concluded that "it would seem that lump-sum alimony would be justified rather than periodic."

We conclude that the judgment must be reversed and the case remanded to the chancellor with directions to award appellant such an amount of the appellee's increased estate during marriage as may be just and reasonable under the standards announced in Colley, supra. See also Beggs v. Beggs, Ky., 479 S.W.2d 598, (rendered March 31, 1972).

After so doing, he will determine the question again under Colley.

In the brief filed on behalf of Everett, he claims that he filed a timely notice of appeal from the judgment in which he questioned three parts of the judgment. However, it does not appear that any further steps were taken to perfect a cross-appeal.

The judgment is reversed.

All concur.