**Mavis GOFF, Appellant,**

v.

**Curtis GOFF, Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

Dan Jack Combs, Combs & Anderson, Pikeville, for appellant.

Charles E. Lowe, Pikeville, for appellee.

STEINFELD, Chief Justice.

After approximately twenty years of marriage, appellant Mavis Goff sued appellee Curtis Goff for an absolute divorce, custody of their child Barbara,[1] maintenance for her, alimony and property. A divorce was granted to the wife; she was given custody of Barbara, allowed $75 per month for her maintenance, awarded $5,000 as alimony, payable $100 monthly, granted the right to occupy their residence until Barbara " * * * reaches the age of majority or is emancipated," costs and a fee for her attorney. Mavis appeals, complaining that the alimony and maintenance awards were inadequate; that she was not awarded monies which she advanced for the construction of the home, and that there was error because the trial court failed to adjudge a division of property acquired through joint efforts. We affirm in part and reverse in part.

Evidence disclosed that Curtis is a 42-year-old coal miner and that his gross earnings ranged between $650 and $750 per month. His debts, he said, were approximately $4,400. The testimony valued the residence from $7,000 to $17,000. Curtis owns a truck. Mavis is 39 years of age, did not finish high school, has not been

---

1. The parties' other two children were emancipated.

gainfully employed, and has worked only as a housewife.

 We reject the argument that the maintenance award of $75 per month for Barbara, together with her right to live in the residence, was inadequate. We do not detect an abuse of discretion on the part of the chancellor.

 The contention that the award of alimony was insufficient cannot be answered without a determination of whether Mavis is entitled to be restored the funds she claims she invested in the residence or should be awarded a money judgment against Curtis for those funds. The right to and amount of alimony are directly affected by the amount of the estate of the wife. KRS 403.060(1); Goldstein v. Goldstein, Ky., 377 S.W.2d 52 (1964). That issue is reserved for further proceedings which are hereinafter discussed.

In her complaint Mavis alleged that during their marriage Curtis had acquired land on which they had constructed their residence and that some of her personal funds were invested therein. She demanded judgment against Curtis for that investment. Mavis claims that team efforts brought about the accumulation of property. Evidence was introduced by both parties on these subjects and the Master Commissioner's report discussed this proof. Objections were filed to the Commissioner's report by Mavis on the grounds that it " * * * failed to award a division of jointly acquired property and/or order a restoration of monies to the plaintiff advanced by her in the construction of the home." She moved that the report be modified " * * * so as to grant her an interest in the jointly acquired property, or, in the alternative, order a restoration of her property." The objections and the motion were overruled. Curtis argues that " * * * we must assume that these items, alleged (sic) spent by the wife, were taken into consideration * * * " be-

cause of the $5,000 alimony award. If Curtis is correct, the rules announced in Colley v. Colley, Ky., 460 S.W.2d 821 (1970), were not followed. Neither restoration nor money owed for debt may be included with alimony.

The judgment did not provide for restoration of property as directed by KRS 403.065 and there were no findings of fact or separate statement of law as required by CR 52.01. We are unable to tell whether the award to Mavis was intended to include property rights. Therefore, it seems appropriate that this action be remanded to the trial court for reexamination under the principles of Colley v. Colley, supra, and cases subsequent thereto such as Coleman v. Coleman, Ky., 479 S.W.2d 602 (decided March 31, 1972); Beggs v. Beggs, Ky., 479 S.W.2d 598 (decided March 31, 1972); Moore v. Moore, Ky., 477 S.W.2d 792 (1972), and for proceedings consistent herewith.

The judgment is affirmed in part and reversed in part for further proceedings consistent herewith.

All concur.