Pauline TURNER, Appellant,

v.

John W. TURNER, Appellee.

Court of Appeals of Kentucky.

June 24, 1960.

J. K. Wells, Paintsville, for appellant.

W. A. Johnson, Paintsville, for appellee.

WADDILL, Commissioner.

Dr. John W. Turner instituted this action against his wife, Pauline Turner, seeking a divorce and the custody of their three teenage children. By counterclaim, Mrs. Turner asked for a divorce, alimony, and custody of their children. The Chancellor granted Dr. Turner a divorce, awarded him custody of their children, and granted Mrs. Turner alimony in the sum of $200 a month for a period not exceeding ten years. Mrs. Turner has appealed contending that the sum allowed her as alimony is wholly inadequate and that the Chancellor also abused his discretion in failing to award her the custody of the children.

The parties were married in Paintsville in 1933. Soon thereafter they moved to Louisville where Turner entered college while Mrs. Turner worked as a waitress to help defray their expenses. After Turner was graduated from medical school he engaged in the practice of medicine at Paintsville.

Apparently Dr. Turner and his wife were very congenial and happy until they became indiscreet in their drinking habits. We consider their behavior as it concerns the issue of the custody of their children.

■ Dr. Turner testified that his wife began to drink excessively in 1947, following a series of gynecological operations performed upon her. He stated he did not object to his wife's drinking in moderation but that she had become an excessive and habitual drinker. He further stated that on several occasions she privately and publicly embarrassed him and exhibited an uncontrollable temper, and on one occasion drew a pistol and threatened his life. Dr. Turner also testified that his wife failed to care for their children properly during the periods of her inebriation.

Although Mrs. Turner denied the accusations of her husband concerning her intemperate drinking and neglect of their children, she admits that she and her husband frequently drank while entertaining their friends. Mrs. Turner placed the sole responsibility of the failure of their marriage upon her husband because his affections for her and their children had been alienated by another woman.

■ Considering all the testimony and the inferences which may reasonably be drawn therefrom, and bearing in mind that the prime consideration is the welfare of the children, we conclude that the Chancellor did not abuse his discretion in refusing to grant custody of the children to Mrs. Turner.

■ The proof shows that Dr. Turner receives a substantial income from his practice. Photostatic copies of his federal income tax returns reflect an average annual income for the past six years of $25,700. A physician associated with Dr. Turner calculated Dr. Turner's average annual gross income, computed from certain hospital records, at $40,000. It was also shown that Dr. Turner owns a one-half interest in a local retail grocery company; 18 shares of Paintsville hospital stock valued at $400; a five-acre tract of land located near

Paintsville; and two houses, one valued at $65,000 and the other of a much lesser value. There is no doubt that Mrs. Turner substantially contributed to the accumulation of Dr. Turner's estate. Mrs. Turner is now 45 years of age and after 26 years of marriage is solely dependent upon alimony for support. The sum of $200 granted her as alimony is inadequate to maintain her in view of her age and her station in society. We conclude that under this record the Chancellor abused his discretion in failing to award her at least $350 a month as alimony.

The judgment insofar as indicated is reversed, with directions to enter judgment granting Mrs. Turner $350 a month alimony; in all other respects the judgment is affirmed.