**Betty Hughes McREYNOLDS, Appellant,**

**v.**

**Robert K. HUGHES, Appellee.**

Court of Appeals of Kentucky.

Jan. 21, 1966.

the welfare of the child always takes precedence over this consideration or the desires of either parent. Yeary v. Yeary, 308 Ky. 353, 214 S.W.2d 587.

 The facts and circumstances appearing in the instant case present a difficult custody question to resolve. Upon a careful consideration of the evidence we cannot reasonably say that the children's welfare will not best be served by permitting them to remain in the custody of their grandmother at this time. Hence we find no abuse of judicial discretion on the part of the chancellor.

Therefore the judgment is affirmed.

PALMORE, J., not sitting.

Hugh L. Hollingsworth, Russellville, for appellant.

James C. Lyne, Russellville, for appellee.

WADDILL, Commissioner.

When the parties to this appeal were divorced on December 22, 1964, the custody order entered pursuant to an agreement of the parties placed their two infant children with the maternal grandmother. After the mother of these children had remarried she filed an action seeking to obtain the permanent custody of these children. Her former husband opposed the requested change of custody.

Following a full hearing of the matter the chancellor refused to alter his former custody order. On this appeal it is urged that the chancellor abused his discretion and thereby entered an erroneous judgment.

The paramount concern of the courts in cases of this character is to determine in whose custody will the welfare of the child best be served. See Yelton v. Yelton, Ky., 395 S.W.2d 590; Turner v. Turner, Ky., 336 S.W.2d 586. Ordinarily a natural parent, preferably the mother, should have custody of an infant child but