**Polly J. FEINBERG, Appellant,**

v.

**Manley N. FEINBERG, Appellee.**

**Manley N. FEINBERG, Cross-Appellant,**

v.

**Polly J. FEINBERG, Cross-Appellee.**

Court of Appeals of Kentucky.

March 12, 1971.

Rehearings Denied June 4, 1971.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellant.

Robert P. Hastings, Hardy Logan & Hastings, Louisville, for appellee.

EDWARD P. HILL, Jr., Judge.

Polly J. Feinberg appeals from a judgment insofar as it relates to property settlement and alimony. Manley N. Feinberg cross-appeals as to the same question. We affirm on both appeals.

We shall refer to Polly J. Feinberg as appellant and to Manley N. Feinberg as appellee.

The parties were married August 12, 1957. Three children were born to their marriage. The appellee is a young attor-

ney. It is obvious from the record and conceded by the parties that the appellee spent far more than his income during the total period of their marriage. The appellant enjoyed the grandeur of their standard of living, she says, without knowing that appellee was so heavily in debt.

It is generally agreed that appellee's assets total $70,000 and his liabilities total $93,643.

Appellee's average annual earnings for the four years beginning with 1965 were $19,700. His annual income for 1969 was $31,846. Appellee says the increase in his earnings in 1969 was due to a large fee earned over a three-year period.

The parties own a home at 824 Huntington Road in Louisville, which must be in the price range of $40,000 or $50,000. There are two mortgages on this home to secure a debt of about $30,000.

Obviously the parties had no estate to be divided by the chancellor.

█ The judgment awarded monthly alimony of $375 to the wife and $125 child support to each of the three children, making a total of $750 to be paid monthly to the appellant and the three children.

The judgment ordered a sale of the home to satisfy the two mortgages with the provision that any amount remaining after satisfaction of the two liens be reinvested in another home, title to which should be taken in the joint names of the parties with right of survivorship, and that the property should be used by the appellant and the three children until the youngest reaches the age of 18 years, when the property should be sold and the proceeds divided equally between the parties after first reimbursing the appellant for all money paid by the appellant on the principal of a new mortgage during her occupancy of the property.

The judgment also directed that appellee give the appellant an irrevocable assignment of the benefits of a life insurance policy having a face value of $97,300, on which the appellee had previously borrowed the amount of the loan value provided therein.

Simply stated, the appellant says this is too little, and the appellee says it is too much. Appellant submits that her total needs, including those of the children, should justify a monthly payment of $970, and that she should be given any amount remaining from the sale of the home after satisfaction of the two mortgages.

Appellee argues that he should have any residue from the sale of the home to apply on his debts.

We can say that at first blush the judgment is not clearly erroneous. The amount of alimony may be somewhat modest in view of the earning capacity of the appellee, but considering the heavy debts of the appellee, we are not persuaded that the judgment should be disturbed as to alimony.

█ Of course, the amount awarded to the children is subject to change. KRS 403.070 and Heltsley v. Heltsley, Ky., 242 S. W.2d 973.

█ That part of the judgment ordering a sale of the home appears entirely proper, but we have some reservations as to the wisdom of directing the purchase of another home, which would obviously require another mortgage. Under the judgment, appellant would have the benefit of the residue from the sale of the present home, but she would be required to make the payments on the home to be purchased. Also involved would be the awkward question of what price home to purchase and the hazards incident to the inability of appellant to keep up the monthly payments. Notwithstanding all these circumstances, it may just be the only way the chancellor could plan a home for the appellant and the children. In any event, we are not convinced that the judgment in this respect is clearly erroneous. CR 52.01.

It appears to us that the judgment conforms to our expressions announced in the

recent opinion of this court in Colley v. Colley, Ky., 460 S.W.2d 821 (1971).

The judgment is affirmed on both the direct and on the cross-appeal.

MILLIKEN,· C. J., and NEIKIRK, OS-BORNE, PALMORE and REED, JJ., concur.

STEINFELD, J., not sitting.