**Ruby T. BEGGS, Appellant,**

v.

**Thomas J. BEGGS, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

against annexation only where annexation would be *unreasonable* under the circumstances.

John Lane Ackman, Williamstown, for appellant.

D. K. Floyd, Berry & Floyd, Carrollton, for appellee.

STEINFELD, Chief Justice.

Appellant Ruby T. Beggs and appellee Thomas J. Beggs were married on August 4, 1945. Belinda Gail, born January 31, 1953; Thomas Glenn, born July 20, 1956, and Clyde Jefferson, born March 28, 1958, are their three children. The parties lived together as man and wife until the 9th day of February, 1969. On February 21, 1969, Ruby sued Thomas for an absolute divorce, care and custody of the children, an allowance for their maintenance, lump-sum alimony and incidental relief. Thomas counterclaimed, demanding that Ruby's complaint be dismissed, that he be granted a divorce, custody of the children and " * * * a property settlement restoring to him all of the property that he has caused to be conveyed or transferred jointly to * * *" Ruby. Later Ruby withdrew her original complaint and by amendment claimed alimony, maintenance for the children and an adjudication of her property rights together with incidental relief, but no divorce. With the issues so drawn, Ruby failed to take

proof; whereupon, Thomas presented his proof and later Ruby sought by proof to fully present the facts.

The trial court granted a divorce to Thomas, custody of the children to Ruby, with an allowance of $300 per month for their support, and authorized Ruby and the children to live in their residence until all the children reach 18 years of age, at which time the residence is to be surrendered to Thomas.

Ruby has appealed from the judgment claiming that it was through the joint efforts of the parties that the property which they own was acquired. She argues that if she had sought a divorce she would have been entitled to one; that it was erroneous to award the divorce to the husband, and that this caused the court to divide the property contrary to the rules we announced in Colley v. Colley, Ky., 460 S.W.2d 821 (1970).

At the time of the marriage neither party owned any property. Thomas studied to become a Doctor of Chiropractic. To aid him in his educational pursuit, Ruby, a qualified schoolteacher, secured a position in that profession and continued to teach regularly or as a substitute until 1961, with leaves of absence during her three pregnancies. Thomas became a licensed chiropractor and engaged in that profession until 1969, when he became partially disabled.

The parties acquired several parcels of real estate, stocks, savings accounts, an interest in a joint venture, office equipment, furniture and automobiles. Some of this property was jointly owned and other was registered in individual names. Ruby inherited approximately $10,000 from her mother. There was disagreement among the witnesses as to the exact values of some of the items. The chancellor stated: "A resume of the property, debts, effect of inheritance and net worth of the parties as shown by their respective proof is as follows:

| Property | Title | Proof by Mrs. Beggs | Proof by Dr. Beggs |
|---|---|---|---|
| Residence | Joint | $14,831.55 | $19,000.00 |
| Office Bldg. | Joint | 35,000.00 | 35,000.00 |
| Interest, Fifth Co. | Dr. Beggs | 25,000.00 | 20,000.00 |
| Checking Acct. | Dr. Beggs | 700.00 | 700.00 |
| Checking Acct., Madison Bank | Mrs. Beggs | 1,826.33 | 1,826.33 |
| Savings Acct., Madison Bank | Mrs. Beggs | 11,666.65 | 11,666.65 |
| Acct., First Natl. Bank | Mrs. Beggs | 10,715.14 | 10,715.14 |
| Stocks | Dr. Beggs | 1,362.00 | 1,362.00 |
| Total | | $101,101.67 | $100,270.12 |
| Debts | | 5,962.93 | 5,962.93 |
| Net Property | | $ 95,138.74 | $ 94,307.19 |
| Less Inheritance & Teachers Ret. | | 10,000.00 | 5,300.00 |
| Net Accumulated Property | | $ 85,138.74 | $ 89,007.19 |

The trial court also found:

"In addition to the above property, there were certain items of property that were mentioned in the record, some with values assigned, and some without. The property in that category consists of a

1966 Lincoln automobile of the value of $1665.00, a 1963 Jeep of the value of $342.00, a 1967 Ford Station Wagon with no assigned value and furniture with no assigned value, sufficient to furnish an eight room residence. There was also a fishing cabin approximately 20 x 20 at Cumberland Lake that is in the joint names of the parties that Dr. Beggs testified sits on lots that cost from four to six hundred and which he built in two weeks and on week-ends with materials that cost $400.00. Mrs. Beggs, on the other hand, without any qualification as an expert or showing any knowledgeable experience in real estate, testified that this cabin and lots are worth $5700.00."

The court accepted the values asserted by Ruby, finding the net accumulated property to have a value in excess of $100,000. In her brief Ruby contends that the proof indicated the property was worth $120,000.

■ Civil Rule 52.01 directs us not to set aside findings of fact unless they are clearly erroneous. We are not convinced that the values assigned by the court fall into that category; therefore, they will not be disturbed. Brown v. Brown, Ky., 462 S.W. 2d 201 (1971).

Referring to KRS 403.060(2) and 403.065, the chancellor wrote:

"* * * since restoration of property applies to property not disposed of 'at the commencement of the action' by the terms of the Statute, and the action began in February of 1969, earnings for that year and after separation should not be considered. If the year 1969 is taken off and adjusted * * *, Dr. Beggs' total earnings during marriage amounts to $313,455.76 and Mrs. Beggs' earnings amount to $62,014.73 so that the Doctor's contribution to the joint earnings is 83.49% and Mrs. Beggs' contribution is 16.51%."

Neither party questions the deduction of 1969 earnings; therefore, we do not pass upon the propriety of so doing. That question is reserved.

■ In Colley v. Colley, Ky., 460 S.W.2d 821 (1970), this court attempted to clarify the classes of property rights between divorcing spouses and the factors to be considered in determining the rights of the parties. Restoration of property is required by KRS 403.060 and 403.065. These statutes refer to gifts between the spouses and those received from others, inheritances and property owned at the time of the marriage. Other assets accumulated after marriage but before divorce are not covered by those statutes. The latter class of property is that which the court must allocate on a just and equitable basis according to the effort made by each spouse which directly or indirectly resulted in its accumulation. Earnings as well as all other acts performed by either party which make a contribution toward the accumulation of property must be considered in making a just and equitable division of that which is owned.

■ In the case now before us the trial court, in marshaling the "* * * property acquired during marriage by the team effort of the marital partners * * *" took into consideration only the dollars earned respectively by the husband and wife. This was error—it should have considered the entire team effort which resulted in the accumulation of property. See Colley v. Colley, supra, in which we cited Heustis v. Heustis, Ky., 346 S.W.2d 778 (1961); Reed v. Reed, Ky., 457 S.W.2d 4 (1969); and Goldstein v. Goldstein, Ky., 377 S.W.2d 52 (1964). It should be noted that the wife here was the bread-winner while the husband was obtaining the education which seemed in large part to enable him to earn a substantial income. Ruby managed the household, apparently played the major role in attending to the needs of the children, and continued to produce income. All of these factors must be considered in adjusting property rights.

■■ The chancellor made no error in awarding to Ruby, by way of restoration, the inheritance from her parent. McCauley v. McCauley, Ky., 467 S.W.2d 359 (1971). However, the teachers' retirement fund en-

titlement was directly related to earnings; therefore, it must take that classification.

The right to alimony is controlled by KRS 403.060(1) and by our cases holding that even though no divorce is granted to the wife alimony may be awarded if she was legally entitled to a divorce, although the divorce was granted to the husband. Gains v. Gains, 26 Ky.Law Rep. 471, 19 S.W. 929 (1892); Baker v. Baker, 271 Ky. 735, 113 S.W.2d 16 (1938); Sears v. Sears, Ky., 339 S.W.2d 453 (1960). Upon conflicting testimony the trial court decided that Thomas was entitled to the divorce. We cannot say that Ruby was legally entitled to a divorce. Therefore, Ruby was not entitled to alimony. Coleman v. Coleman, 164 Ky. 709, 176 S.W. 186 (1915).

We reverse and direct the chancellor to reexamine the allocation of property acquired through their team effort and find and allocate the entitlement of each party under the principles we have explained herein.

The judgment is reversed in part for the reallocation of property acquired through the joint efforts of the parties during the marriage; in all other respects the judgment is affirmed.

All concur.