**606**

Carolyn Christine DAHLENBURG and
Robert F. Barrett, Appellants,

v.

Paul Richard DAHLENBURG, Appellee.

Court of Appeals of Kentucky.

March 31, 1972.

Robert F. Barrett, Florence, for appellants.

Jack Howell, Covington, for appellee.

EDWARD P. HILL, Judge.

The judgment from which this appeal is prosecuted granted an absolute divorce to the appellant on her answer and counterclaim; directed that appellant (defendant in the trial court) recover $3,400 under the restoration statute (KRS 403.065); adjudged that appellant recover $12,500 lump-sum alimony; awarded appellant the custody of the two children and $50 per week for the support of the children; and directed that appellee pay $350 "toward" the fee of the defendant's counsel. The judgment contained other specific provisions which are not directly questioned on this appeal.

The judgment of divorce was entered July 14, 1970, which was some months before our decision was rendered in Colley v. Colley, Ky., 460 S.W.2d 821.

The principal parties to this litigation were married February 11, 1961, after death had terminated previous marriages of both the parties. Each party had one child by the previous marriage. Two children were born to their second marriage, which ended in separation after about nine years. The appellant, Carolyn, was ten years the appellee's senior.

So far, this court has not specifically held that the opinion in Colley, supra, is retroactive, although a number of cases have been reversed with directions to follow the guidelines announced in Colley.

It is abundantly clear from the extensive findings of fact of the chancellor that he performed a monumental task in analyzing the various transactions and enterprises in which the parties participated during their nine years of marriage. As an example, the chancellor determined the money contributions of each party in numerous transactions and attempted to restore to each party in dollars what he or

she had contributed thereto. What complicates the instant case is the fact that both parties at the time of their marriage owned substantial estates in their own rights, and this record is not clear as to the valuations of their separate estates at the time of their marriage. Neither is the record clear as to the net worths of the respective parties at the time of their separation, although there is a finding of their respective net worths "after restoration."

In the chancellor's findings, a number of transactions were handled, or treated, under the restoration statute when under Colley those transactions should have been considered as property jointly acquired during the marriage and divided according to the respective contribution by each party to the acquisition and management of the property. As an example of this, the appellee's plumbing corporation, an incorporation capitalized at $8,000, was treated as the sole property of the appellee when, as claimed by appellant, she contributed about $3,000, out of her inheritance from the estate of one of her parents, with the understanding that she was to have 40% of the stock. She also contributed a substantial part of her time to the operation of the company. At least as to its increase in value during marriage, this property should have been considered as property acquired during the marriage, and its value established.

If the chancellor finds that the parties agreed that the wife was to have a 40% interest in the plumbing company, he should give her claim for an interest in said company separate treatment and enforce their agreement. In event the chancellor does not find that parties had an agreement as to the wife's future interest in the company, he should treat the plumbing company as just another asset and determine the wife's interest therein according to the rules in Colley, supra. See also Beggs v. Beggs, Ky., 479 S.W.2d 598 (decided March 31, 1972).

■ It is concluded that the judgment on this appeal should be reversed with directions that the chancellor reconsider the evidence in the record, and any other evidence he may see fit to request, and undertake to settle the controversy of the parties according to the guidelines set out in Colley, supra. In doing so, of course, the first totals he should arrive at are the net values of the respective estates of the parties at the time of their marriage. Property properly restorable under Colley should be allocated to the spouse entitled. After these determinations are made, then the value of the estate ascribable to the joint efforts of the parties, including their investments of money, services in business, and household work, should be divided between the husband and wife on an equitable basis.

The next step should be the determination of whether appellant is entitled to alimony. Here again, the guidelines set out in Colley, supra, are applicable.

We have considered the amount allowed for the benefit of the children and do not find it to be unreasonable. The same may be said as to the allowance of the attorney fee.

■ The appellant takes the position on this appeal that the trial court abused its discretion in allowing lump-sum alimony instead of periodic alimony. Of course, under our cases prior to Colley, lump-sum alimony was usually preferred. Reed v. Reed, Ky., 457 S.W.2d 4, and Broida v. Broida, Ky., 388 S.W.2d 617. Nevertheless, the chancellor has a broad discretion in determining whether or not to require lump-sum or periodic alimony, and his findings will not be disturbed unless that discretion is abused. In view of the fact that practically all the appellee's real estate is heavily encumbered by mortgages creating a situation in which lump-sum judgment may require a forced liquidation of appellee's estate, it would seem that the chancellor may be inclined to review the

question of whether to award lump-sum or periodic alimony in the light of any changes he may find necessary on remand of this case, assuming, of course, that appellant is entitled to alimony in the total circumstances that are relevant.

The judgment is reversed for proceedings consistent with this opinion.

All concur.