**Charles CHINN, Appellant,**

v.

**Mitzi Wilson CHINN, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

As Modified on Denial of Rehearing
June 9, 1972.

Richard S. Taylor, Miller & Taylor, Owensboro, for appellant.

John B. Anderson, Owensboro, for appellee.

EDWARD P. HILL, Jr., Judge.

The issue on this appeal concerns the breadth of the discretion of the chancellor in awarding lump-sum alimony. Although that discretion is broad, it is not broad enough to justify the result reached in the judgment from which this appeal is prosecuted. We find, at first blush, an abuse of discretion and reverse the judgment as to lump-sum alimony.

The parties were married June 10, 1949. Two children were born to their marriage: Jeffrey Wilson Chinn, now age 21; and Cecilia Kittinger Chinn, now age 17. The chancellor allowed appellee Mitzi Wilson Chinn $35 per week as support of Cecilia "until further order" of the court. No complaint is made of and there is no appeal from this part of the judgment.

The real storm centers around the fixing of lump-sum alimony, and well it should.

The chancellor found in his findings of fact and conclusions of law that the only asset of appellant Charles Chinn was the balance of $10,018 in a trust fund created by the grandmother of Charles. He found that the net value of Mitzi's estate was $22,489, and that her earnings as a school teacher amounted to $452 per month. Charles' earnings were found to be $600 per month derived from his work as an insurance salesman.

The chancellor awarded Mitzi $15,500 lump-sum alimony and adjudged that Charles' trust fund "is subject to the satisfaction" of the judgment. This is $5,482 more than the whole estate of Charles. We find, at first blush, that the chancellor abused his discretion in adjudging lump-sum alimony and reverse the judgment with respect thereto with directions to reconsider the question in the light of Colley v. Colley, Ky., 460 S.W.2d 821. See also Beggs v. Beggs, Ky., 479 S.W.2d 598 (decided March 31, 1972). The trial court may consider it necessary to hear additional proof. This is left to its discretion.

In fairness to the chancellor, we might add that the evidence discloses that Charles has been unsuccessful in practically all his undertakings, including the marriage venture where he was clearly at fault for the separation and in the divorce proceedings.

On the other hand, Mitzi was pictured as a faithful, industrious woman and a good manager. She contributed a substantial amount of her earnings and funds given to her by her parents to bailing Charles out of his various failing enterprises.

It is apparent that the chancellor made a positive effort in his judgment to see that

all of Charles' estate and more be given to Mitzi to prevent Charles from dissipating the balance of his trust fund, which originally amounted to some $54,000. Judging the future by the past, it would seem that the chancellor was trying to reach a result that was best for all concerned. Courts should not go too far in the area of "crystal gazing" but should go on the assumption that it is never too late to mend one's ways. Under the judgment, Charles is head over heels in debt as he starts down the last half of the slope of life.

A number of points are made in appellee's 47-page brief which do not justify discussion in view of the results we have reached.

The judgment is reversed in part and affirmed in part for proceedings consistent herewith.

STEINFELD, C. J., and MILLIKEN, NEIKIRK, REED and PALMORE, JJ., concur.

OSBORNE, J., does not concur.