**Blanche Tackett WILLIAMS, Appellant and Cross-Appellee,**

v.

**Arnold C. WILLIAMS, Appellee and Cross-Appellant.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

———◆———

Weldon Shouse, Lexington, for appellant and cross-appellee.

Samuel Milner, Eblen, Howard & Milner, Lexington, for appellee and cross-appellant.

STEINFELD, Justice.

The parties to this litigation had been married for 29 years when the wife sought a divorce, a share of the marital property and alimony. The husband counterclaimed for a divorce and resisted his wife's claims for financial benefits. Their adult daughter, an only child, was not dependent upon them for support. The chancellor found that the net value of their property was $153,357.97, including their home worth $69,667, which was subject to a mortgage balance of $2,453. The parts of the judgment[1] under attack in the wife's appeal and the husband's cross-appeal are included in the following:

"2. By way of an equitable division of the jointly owned property, the plaintiff is awarded all household furnishings except those enumerated below, the 1970 LaSabre, all personal wearing apparel and jewelry, and the right to occupy the residence at 705 Brookhill. As the residence constitutes such a major portion of the joint estate, the court retains jurisdiction of the wife's right to occupy the residence in the event that the husband's earning capacity should be greatly impaired by age or other cause, or if the plaintiff should be unable to maintain the residence properly for any reason, in which case a more modest residence might be substituted. The wife's right of occupancy will not be affected by the husband's death, but will terminate upon her remarriage.

"3. As periodic alimony the wife is awarded the sum of $800.00 per month, which sum shall be subject to future modification by the court on good cause shown by either party. In making the award of periodic alimony, the court has considered the tax consequences to the wife and the resulting benefits to the husband.

"4. All other property shall be restored to the husband except the U. S. Savings Bonds owned by the wife attributable to inheritance from her mother in the amount of $750.00. The husband will be restored to full title to the residence, subject only to the wife's right of occupancy. The husband shall be entitled to the following items of personalty: law books, tape recorder and tapes, 12" green Japanese vase, Encyclopedia Brittanica, house plans, and flat silver purchased in Japan. The husband shall pay all obligations of the marriage, including the mortgage on the residence. The wife shall be responsible for maintenance of the residence and all taxes and insurance, pro-rated as of date of judgment."

Mrs. Williams claims that she was not awarded her share of the marital property

1. The judgment was entered May 17, 1971, a date prior to the effective time of the general revision of the divorce laws.

as directed in Colley v. Colley, Ky., 460 S. W.2d 821 (1970). Dr. Williams contends that the chancellor correctly divided the property but that he gave Mrs. Williams an excessive amount of periodic alimony.

It is unnecessary for us to relate the facts with respect to the acquisition and accumulation of the marital property [2] as it seems conceded that at least the major portion of it is owned as a result of team effort. The trial court found that the total value of the various properties was $193,912 and that the debts, all of which the husband must pay, were $40,554. KRS 403.060, as construed in Colley, requires that team-effort property " * * * be divided between the spouses according to what is just and reasonable." According to the court's findings the wife received of the $153,357 net estate only household furniture and an automobile having a total value of $9,250 and a qualified right to occupy the twelve-room residence. The husband argues that " * * * the value of the life estate in this property * * *, using the expectancy tables and 6% as being the appropriate factor is $53,433.20." This theory is unacceptable because the re-

marriage of the wife would terminate her rights in the residence. Furthermore, the trial court retained the right to substitute an asset of lesser value. We conclude that the award to the wife of the use of the residence was alimony rather than a grant of property. The division of team-effort property did not conform to the rationale of Colley. Straney v. Straney, Ky., 481 S. W.2d 292 (1972). The trial court should find what proportionate part of that property was acquired as a result of the efforts of Mrs. Williams and make an award to her based on that finding.

Until that adjudication is made, neither we nor the trial court can consider the alimony award as its amount is dependent in part on the wealth of Mrs. Williams after a division of property has been adjudged. KRS 403.060(1); Goff v. Goff, Ky., 481 S.W.2d 80 (1972). The chancellor should redetermine the alimony award. Clark v. Clark, Ky., 487 S.W.2d 272 (1972).

The judgment is reversed on the direct appeal and on the cross-appeal.

All concur.

2. These facts are quite similar to those in Beggs v. Beggs, Ky., 479 S.W.2d 598 (1972).