**Jane Estelle FARMER, Appellant,**

v.

**F. Preston FARMER, Appellee.**

Court of Appeals of Kentucky.

Feb. 15, 1974.

**110**

Frank G. Gilliam, Lexington, for appellant.

Boyd F. Taylor, Hamm, Taylor, Milby & Farmer, London, for appellee.

STEINFELD, Justice.

Appellant Jane Estelle Farmer appeals from so much of a judgment dissolving her marriage to appellee F. Preston Farmer which decreed the amount of support for a child, the maintenance for appellant, and the division of marital property. We affirm in part and reverse in part.

The parties were married on April 2, 1962. Jane is 30 years of age and holds an A.B. degree in elementary education. She is working for her Master's degree in that field. She has taught in the elementary schools for a short time. Preston, who is 39 years old, is a partner in a successful law firm. Michael, nine years of age, whose custody was awarded to his father, and Suzanne, six years of age, whose custody was awarded to her mother, were the only children born of this marriage.

The court adjudged that Preston should pay $250 per month for 12 months for the maintenance of Jane and $160 per month for Suzanne's support. It allocated to Jane as non-marital property " * * * an undivided one-third interest in a three apartment residence in Atlanta, Georgia, of the value of $24,000, and 120 shares of stock of the Coca Cola Company of the value of $17,415." In addition, it found that Jane had received by gift or bequest personal property and debt forgiveness in the total amount of $20,761. There was a finding that the marital property had a net value of $70,350, to which Preston had " * * * made the major contribution * * *" and Jane had " * * * contributed $10,000 directly toward construction of their residence and an additional $10,761 toward acquisition of the marital property or for family living expenses." As her share of the marital property she was awarded the $3,000 bank account, the Oldsmobile valued at $2,200, furniture valued at $1,250, and $15,000 in money to be paid by Preston over a period of one year, making a total award of $21,450.

The chancellor found that Jane had a net annual income from the Atlanta real estate of between $450 and $600, annual dividends of $188 from the Coca Cola Company stock, and that she had no other income.

Relying on Turner v. Turner, Ky., 336 S.W.2d 586 (1960); Ballard v. Ballard, Ky., 411 S.W.2d 330 (1967); Justice v. Justice, Ky., 421 S.W.2d 868 (1967), and Chinn v. Chinn, Ky., 480 S.W.2d 157 (1972), Jane complains that the maintenance award was inadequate. KRS 403.-200(2) [1] controls the allowance of maintenance. It provides:

"The maintenance order shall be in such amounts and for such periods of

---

1. KRS 403.200(2) was part of the revision of the divorce laws by Acts 1972, Ch. 182.

time as the court deems just, and after considering all relevant factors including:

"(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance."

Until there is an adjudication of entitlement to marital property as is hereinafter directed, the adequacy of Jane's award of maintenance cannot be determined. It should be reexamined by the chancellor in the light of that adjudication. Williams v. Williams, Ky., 500 S.W.2d 79 (1973).

■ ■ We agree that $160 per month which was awarded for support of Suzanne is small in the circumstances of this case, but we are not inclined to declare that there was error in following KRS 403.210 which specifies the rules for determining that allowance. Cf. Bell v. Bell, Ky., 494 S.W.2d 517 (1973). Support is subject to reconsideration by the trial court whenever this subject is properly presented. (KRS 403.250) Feinberg v. Feinberg, Ky., 467 S.W.2d 116 (1971). One adjustment was made after the judgment was entered. We are confident that there may be other adjustments if the circumstances warrant.

■ Jane argues that she did not receive a just share of the marital property. We find that in allocating that property the trial judge followed in part the procedure announced in Colley v. Colley, Ky., 460 S.W.2d 821 (1970). However, he failed to fully consider the contribution which Jane made toward the acquisition or retention of the property in issue. Such a judgment is necessary so that a distribution may be ordered pursuant to KRS 403.-190. Cf. Beggs v. Beggs, Ky., 479 S.W.2d 598 (1972).

KRS 403.190 controls the disposition of property in proceedings for the dissolution of a marriage. Subsection (1) directs that " * * * the court shall assign each spouse's property to him" and that "(i)t also shall divide the marital property * * * in just proportions considering all relevant factors * * *." Under subsections (2)(a) and (2)(b) there is excluded from "marital property" that which was " * * * acquired by gift, bequest, devise, or descent" and that which was "acquired * * * in exchange for property acquired by gift, bequest, devise, or descent."

■ Applying those enactments to the case at hand, we hold that $10,000 of the money which Jane received by gift or inheritance from her parents and grandmother and which she invested in the residence must be restored to her. To do this, it should be declared that she owns an interest in that residence in proportion to that investment. KRS 403.190(2)(b). Of course the balance of the mortgage should be first deducted and then the present value of the residence determined. After that has been done the value of the interest Jane has by reason of her $10,000 contribution toward the acquisition of the residence can be adjudged.

■ The trial court found that the remainder of the money which Jane received

**112**

by gift or inheritance ($10,761) she applied " * * * toward acquisition of the marital property or for family living expenses." The narrative statement filed in this court pursuant to CR 75.13 reveals that all of this money was deposited in Jane's and Preston's joint checking account. Neither that statement nor the findings of fact show what, if any, property was acquired in exchange for this part of the gift or inheritance. The burden was on Jane to make that showing in order for her to have restoration of the $10,761.

■■ The marital property must be divided "in just proportions" considering the factors enumerated in KRS 403.190(1). Jane's contribution by placing $10,761 into the joint bank account and her earnings during the marriage contributed to the acquisition or retention of marital property. Her performance as a wife, housekeeper and mother also may have made such a contribution. It is necessary that the chancellor make appropriate findings, after which the factors mentioned in KRS 403.-190(1) can be followed in allocating the marital property.

A motion to strike appellee's brief was made, primarily because allegedly it goes beyond the record. We passed our decision on the motion to the consideration of the merits of this appeal. We found that without burden we could consider only those responses which relate to that which is in the record, therefore the motion is denied.

The judgment is affirmed in part and reversed in part for further proceedings consistent herewith.

OSBORNE, C. J., and MILLIKEN, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.