**Brown J. SHARP, Appellant,**

v.

**Sarah R. SHARP and Foster Ockerman, Appellees.**

**Brown J. SHARP, Appellant,**

v.

**Sarah R. SHARP, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1974.

Rehearing Denied Jan. 17, 1975.

H. Scott Baesler, Lexington, for appellant.

Foster Ockerman, Martin, Ockerman & Brabant, Lexington, for appellees.

STEINFELD, Justice.

In appeal No. 74–37 appellant Brown Sharp seeks to reverse the trial court judgment entered upon reconsideration, which was directed by Sharp v. Sharp, Ky., 491 S.W.2d 639 (1973). In appeal No. 74–283 Mr. Sharp attacks the order fixing the visitation periods of the Sharp children, and he again assails the alimony allowance made to Mrs. Sharp. The suit was instituted under the statutes which authorized divorces, but during its pendency the dissolution-of-marriage act became effective. KRS 403.110–403.350. That act declared that the new law rather than the old one should apply to pending divorce cases. Acts 1972, Chapter 182, Section 26(2).

In Sharp v. Sharp, supra, the chancellor was directed to make certain findings with respect to an increase in the value of a farm, to correct a mathematical computation, and to reconsider the alimony allowance and the award of the fee to the wife's attorney. On the reconsideration, Mr. Sharp claimed that this court directed that the parties be permitted to introduce additional evidence on these issues. His request for permission to do so was denied; he now repeats that argument. We do not construe our opinion to have directed or prohibited the trial court from hearing additional evidence. Mr. Sharp claims that if we did not give directions that additional evidence might be presented, the denial of that right was an abuse of discretion. We find nothing to indicate that there was an abuse of discretion.

Mr. Sharp also contends that on reconsideration of maintenance, " * * * the chancellor should have permitted (him) to introduce evidence concerning Sarah's relationship with Andrew Thornton since the divorce." No avowal was made, therefore we cannot determine whether there was prejudicial error in denying that permission. CR 43.10; Frantz, Inc. v. Wagers, Ky., 488 S.W.2d 700 (1972); Clay, Kentucky Practice, 3rd Ed., Vol. 7, p. 81, Comment 2.

Mrs. Sharp was adjudged entitled to marital property having a value of $61,854, for the recovery of which she was allotted personalty of a value of $7,250 and awarded a money judgment of $54,584. Additionally, she was granted " * * * $200 per month alimony as long as she lives, or remains unmarried." Mr. Sharp asserts that she was entitled to no maintenance, but if maintenance was due the amount awarded was excessive. The divorce was granted to Mrs. Sharp, therefore she was entitled to maintenance as she did not have sufficient estate of her own to meet the test expressed in KRS 403.200 and in Colley v. Colley, Ky., 460 S.W.2d 821 (1970). Mr. Sharp says he earns only $12,000 per year, but there was evidence indicating that during the five years prior to the date of the judgment his average earnings were $27,000. Mrs. Sharp is now employed and earns approximately $380 per month. KRS 403.200 fixes the standards which guide the courts in fixing the amount of maintenance. We conclude that the findings of the trial court were not clearly erroneous, if erroneous at all, therefore we will not disturb the maintenance award. CR 52.01; Bentley v. Ben-

tley, Ky., 500 S.W.2d 411 (1973); Clay, Kentucky Practice, 3rd Ed., Vol. 7, p. 161, Comment 8.

To support Mr. Sharp's motion to reduce the maintenance, he offered testimony to show conduct of Mrs. Sharp which, he contended, was immoral. The chancellor again refused to allow its introduction; wherefore, it was supplied by an avowal. CR 43.10. Mr. Sharp cites Coggins v. Coggins, 289 Ky. 570, 159 S.W.2d 4 (1942), in support of his claim that rejecting this testimony was prejudicial error. In *Coggins* we wrote, " * * * his contention that plaintiff was living in a state of immorality is a proper matter to be considered on motion for modification of the judgment * * *" awarding alimony. Since *Coggins* was decided, society has undergone substantial changes but, more importantly, KRS 403.250(1) has become the statute which controls the modification or termination of provisions for maintenance. The testimony contained in the avowal, even if it was admissible, together with the proof, does not convince us that a reduction in the maintenance award was indicated. Cf. McKenzie v. McKenzie, Ky., 502 S.W.2d 657 (1973); Wilhoit v. Wilhoit, Ky., 506 S.W.2d 511 (1974).

Claim is made by Mr. Sharp that the chancellor failed on remand to follow our mandate in adjusting the allowance to Mrs. Sharp of her share of the marital property. His brief refers to debts, valuation of stock, and the insurance agency. He also attacks the findings as to the reasons for the increase in the value of the farm. We consider it unnecessary to discuss each of these contentions or the cases he cites in support of these claims. It is our opinion that no error was committed and that the chancellor followed the directions given to him.

Further, Mr. Sharp argues that the value of certain cattle and of a 1955 automobile which were owned by him at the time of the marriage should have been allotted to him. We think not, as there was no tracing of the proceeds, if any, of the disposition of these items. There is no indication that the chancellor did not take into consideration the contribution by Mr. Sharp of these assets to the family coffers. Cf. Smith v. Smith, Ky., 497 S.W.2d 418 (1973).

Mr. Sharp claims that on remand the chancellor failed to follow the mandate of this court by not considering debts incurred by him to purchase stock in a warehouse and owed on an automobile. The trial court stated that debts had been considered in recomputing the value of the property, which statement appears valid. Therefore, we reject this claim.

It is contended that the "court costs" which Mr. Sharp claims he spent in the amount of $17,760.20 should have been considered as having substantially reduced the jointly owned property. This contention was not advanced in argument on the first appeal. "The doctrine of res adjudicata prevents the relitigation of the same issues in a subsequent appeal and includes every matter belonging to the subject of the litigation which could have been, as well as those which were, introduced in support of the contention of the parties on the first appeal." E. F. Prichard Co. v. Heidelberg Brewing Co., 314 Ky. 100, 234 S.W.2d 486 (1950).

It is argued that the fee of $17,500 allowed to the attorney for the wife, as authorized by KRS 403.220, is exorbitant and excessive. In connection with that claim Mr. Sharp says that the evidence of the value of the services does not sustain the allowance and that the trial court erred is not permitting him to take the deposition of Mr. Ockerman, the wife's attorney, on the matter of the attorney's fee. Generally, courts do not require the formal proof of the value of attorneys' fees to the same extent that evidence is required in matters with which the court does not have inherent knowledge. The extent of the litigation and the amount of the property involved are reflected by the record. It appears to us that adequate information was available to the chancellor

to justify the allowance that he made. Broida v. Broida, Ky., 388 S.W.2d 617 (1965). Ordinarily it would be improper for a trial court to deny a spouse the opportunity to take the deposition of the attorney for the other spouse for the purpose of ascertaining facts pertinent to the consideration of the amount of attorney's fee to be allowed. However, in the case now before us, we are of the opinion that no prejudice occurred in denying Mr. Sharp the opportunity to take such a deposition.

■ In our original opinion we "* * * reserve(d) the question of whether the trial court abused its discretion in taxing as costs the fee of the Delaware lawyer * * *." On remand the chancellor again found that these costs in the amount of $527.60 should be taxed as costs. We find no error or abuse of discretion.

■ It is contended by Mr. Sharp that the court erred in allowing interest on the $54,584 awarded to Mrs. Sharp, which interest is to run from September 21, 1973, the date of the entry of the judgment on remand. We find no error as Clark v. Clark, Ky., 487 S.W.2d 272 (1972), controls. KRS 360.040 provides in pertinent part, "A judgment shall bear legal interest from its date." We have held that the failure of a court to follow this statute was error. Stephens v. Stephens, 300 Ky. 769, 190 S.W.2d 327 (1945).

■ Mr. Sharp claims that the award of an attorney's fee is a part of the court costs and that interest is not allowable on a judgment for court costs. While the allowance of a fee to the wife's attorney has been frequently termed as a part of the costs and taxed as such (Maynard v. Maynard, Ky., 251 S.W.2d 454 (1952)), KRS 403.220 now seems to treat it separately. That statute reads:

"The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name." (Acts 1972, Ch. 182, Sec. 12.)

We know of no reason why that part of the judgment should not bear interest. KRS 360.040.

■ The trial court, in its findings, stated, "Plaintiff is entitled to supersedeas penalty on amount affirmed by the Court of Appeals, which was $61,488.00 * * *." Mr. Sharp argues that the judgment entered on that finding was erroneous because the money judgment, which was originally entered in the amount of $74,055, was appealed from and was not affirmed. KRS 21.130 is quoted in full, and CR 73.04 is quoted in part, in Howard v. Howard, Ky., 421 S.W.2d 862 (1967). This statute and this rule relate to supersedeas bonds. The original judgment was "* * * for the payment of money, the collection of which, in whole or in part, * * *" was superseded. While the specific amount which Mrs. Sharp was entitled to recover was not specified, in our opinion as it was in Howard v. Howard, supra; nevertheless, the supersedeas prevented Mrs. Sharp from issuing an execution to recover any part of that to which the trial court said she was entitled. It was appropriate for the trial court to allow the supersedeas penalty on the amount which it found had been affirmed. Cf. Sotak v. Sotak, Ky., 438 S.W.2d 490 (1969).

The judgment and order appealed from are affirmed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, STEINFELD and STEPHENSON, JJ., sitting.

JONES, MILLIKEN, PALMORE, STEINFELD and STEPHENSON, JJ., concur.