**Mossie Lee ANGEL, Appellant,**

v.

**Ester ANGEL, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1978.

Maxie E. Higgason, Higgason & Davis, Corbin, for appellant.

Garrett G. Teague, Jr., Teague & Cox, Williamsburg, for appellee.

Before PARK, VANCE and WHITE, JJ.

PARK, Judge.

This is an appeal from a judgment dissolving the marriage between the petitioner-appellant, Mossie Lee Angel and her husband, Ester Angel, the respondent-appellee. The sole issue raised by this appeal relates to the trial court's division of the property accumulated by the parties during their marriage.

The parties were married for thirty-four years. At the time of the entry of the decree dissolving the marriage, Mrs. Angel was fifty-four years of age and Mr. Angel was fifty-six years of age. The only child of the marriage, a daughter, is an adult. Both parties worked at various jobs throughout the period of the marriage. In recent years, Mrs. Angel has been the chief wage earner. Because of injuries, Mr. Angel has not been regularly employed other than caring for the operations of the farm which is the chief item of dispute.

In paragraph eight of the trial court's findings of fact, the "property accumulated during this marriage" was described as a thirty acre farm and various items of personalty including cattle, hay, farming equipment, household goods, and two automobiles. In paragraph three of the trial court's conclusions of law, the "marital property" of the parties was designated as the property described in paragraph eight of the findings of fact. Although not included in the property described in paragraph eight of the findings of fact, the sum of $1,300.00 was on deposit in a bank account in Mrs. Angel's name. The trial court found that the parties "were almost even contributors to the accumulation of the marital property consisting of the real estate." There was a specific finding that Ester Angel contributed $4,500.00 and that

Mossie Lee Angel contributed "approximately" $5,000.00 to the acquisition of the thirty acre farm. The trial court also found that the parties were equal contributors to the accumulation of the marital property consisting of personalty.

In the judgment, the trial court awarded Mrs. Angel the bank account and all household goods and furniture "in lieu of lump sum alimony." Each party was awarded the automobile he or she was then driving and those personal items he or she was then using. The trial court directed that the real property, cattle and farming equipment be sold and that the proceeds be equally divided between the parties. Mossie Lee Angel asserts that this division of property is erroneous for two reasons. First, she claims that the trial court failed to assign to her the property she received by inheritance and gift. Second, she contends that the trial court did not give adequate recognition to her contribution to the acquisition of the marital property.

■ Under KRS 403.190, the trial court must first assign to each spouse all of his or her separate property. Only after the nonmarital property has been restored does the trial court divide the marital property between the parties. See *Farmer v. Farmer*, Ky., 506 S.W.2d 109 (1974).

The trial court made no specific finding that any property of the parties constituted nonmarital property. As the bank account did not fall within the property described as being marital property, it would be logical to assume that the trial court considered the bank account to be nonmarital property. However, the bank account is included in the property awarded to Mossie Lee Angel "in lieu of lump sum alimony." If the bank account constituted her separate nonmarital property, then there was no need to award it to her as maintenance under KRS 403.-200. On the other hand, the award of the bank account to Mrs. Angel may not have been intended as an award of maintenance because the court made no findings of fact as required by KRS 403.200.

As the thirty acre farm was described as being marital property, it would be logical to assume that the trial court found that no interest in the farm constituted nonmarital property. However, the trial court made a specific finding that Ester Angel contributed $4,500.00 and Mossie Lee Angel contributed approximately $5,000.00 to the acquisition of the farm. It is not clear whether the trial court considered these contributions to be nonmarital property. Consequently, we must consider whether either assumption would be correct.

■ At the time of their marriage, neither party owned any significant property. The first asset acquired after the marriage was a farm known as the Bethlehem Church farm. This farm was purchased for $1,800.00. Of that sum, $1,400.00 had been inherited by Ester Angel on the death of his father. The parties lived on the Bethlehem Church farm for twelve years. During this time, they built a house, barn, and outbuildings. The Bethlehem Church farm was sold for $4,500.00.

That portion of the proceeds from the sale of the Bethlehem Church farm attributable to the investment of Ester Angel's $1,400.00 inheritance constituted nonmarital property. *Farmer v. Farmer, supra*; KRS 403.190(2). The payment of the balance of the purchase price and the improvements were the result of the "team effort" of the parties during the marriage. That portion of the proceeds from the sale of the Bethlehem Church property attributable to the improvements and the payment of the balance of the purchase price for the land constituted marital property. *Sharp v. Sharp*, Ky., 491 S.W.2d 639 (1973) (first appeal); KRS 403.190(2)(e). Unfortunately, there is no evidence in the record indicating the value of the improvements. Consequently, Ester Angel has not demonstrated that there was any increase in the value of the investment of his $1,400.00 inheritance. Except for the initial investment of his $1,400.00 inheritance, Ester Angel has not overcome the presumption that the proceeds of the sale of the Bethlehem Church farm constituted marital property. KRS 403.190(3).

The thirty acre farm owned by the parties at the time of the dissolution of the marriage was originally a part of a larger farm owned by Mossie Lee Angel's father. Following the death of her father, Mrs. Angel and the other heirs partitioned the farm. Although the tracts in the partition varied in size, all were intended to be of equal value. In 1958, Mrs. Angel received a deed to one tract as her allotment in the partition of her father's farm. During 1959 and 1960, two sisters and a brother sold their tracts from the partition to the Angels. Two of the tracts were purchased for $350.00; the third, for $500.00. In 1961, the Angels acquired a fifth tract from another brother of Mrs. Angel. No cash consideration was paid for this tract. Mr. and Mrs. Angel were both named as grantees in all five of the deeds. As a result of the various transactions, Mr. and Mrs. Angel had acquired five tracts out of her father's farm containing approximately forty-five acres.

Subsequently, the parties built a home on the farm and expended considerable effort in clearing the farm of brush and timber. The evidence did not indicate the particular tract on which the residence is built. Mr. and Mrs. Angel later conveyed a fifteen acre tract to their daughter. Again, the record is silent as to which tract or tracts were conveyed to the daughter.

Ester Angel contends that the proceeds from the sale of the Bethlehem Church farm were used to acquire the tracts from Mrs. Angel's sisters and brother or were invested in the construction of the residence on the farm. Mossie Lee Angel asserts that the entire farm constitutes her nonmarital property. In addition to the tract which she received in the partition of her father's real estate, Mrs. Angel testified that she received approximately $5,000.00 in cash upon the settlement of her father's estate. She claims that this money was used to purchase the two tracts from her sisters and to purchase a Ford tractor, a mower and a turning plow. She also asserts that the last tract acquired was a gift to her from her brother. The trial court made no specific finding with respect to these conflicting contentions. However, this court notes that there was no request for additional findings of fact by either party pursuant to CR 52.04.

The trial court's findings that Ester Angel contributed $4,500.00 and that Mossie Lee Angel contributed approximately $5,000.00 to the acquisition of the farm are both conflicting and clearly erroneous. Ester Angel did not contribute $4,500.00 to the acquisition of the farm because only $1,400.00 of the proceeds of the Bethlehem Church farm represented his nonmarital property. Mrs. Angel did not contribute the $5,000.00 cash received from her father's estate because a portion of that money was used to buy farm equipment and the total cash investment was substantially less than $5,000.00.

Both parties have assumed on this appeal that the farm had an approximate value of $30,000.00. However, there is no expert testimony as to the value of the farm. Moreover, there is no testimony in the record to indicate what portion of the present value of the farm is attributable to the improvements made by the parties. Considering the failure of the parties to introduce evidence upon which the court could make a proper division of the marital and nonmarital property, it is not surprising that the trial court decreed an equal division of the property. Nevertheless, the absence of specific findings of fact on crucial issues makes it impossible for this court to afford a meaningful review of the trial court's division of the property.

The tract received by Mrs. Angel in the partition of her father's farm clearly constituted nonmarital property. KRS 403.190(2)(a). If the purchase price for any of the other tracts could be traced to an inheritance by either party, then such tracts would constitute nonmarital property. On the other hand, if the purchase price for a tract could not be traced to an inheritance by either party, that tract would constitute marital property. However, when the nonmarital property of one spouse is expended as a part of the "team effort" for the benefit of the marriage, that amount should

be considered by the trial court in measuring the contribution of each spouse to the acquisition of the marital property. *Sharp v. Sharp,* Ky., 516 S.W.2d 875 (1974) (second appeal); *Farmer v. Farmer, supra.* Even if there were no substantial accumulation of marital property, the expenditure by one spouse of nonmarital property for the benefit of the marriage is a factor which might be considered in awarding maintenance under KRS 403.200. *Cf. Scrivner v. Scrivner,* Ky., 453 S.W.2d 265 (1970).

 The tract conveyed without consideration by Mrs. Angel's brother in 1961 was a gift and not marital property. KRS 403.-190(2)(a). The only question is whether the tract constituted the nonmarital property of Mossie Lee Angel alone or was owned equally by Mossie Lee and Ester Angel. Prior to the repeal of the restoration statutes (KRS 403.060 and 403.065) by the enactment of the present divorce act (1972 Ky.Acts, ch. 182, § 29), a wife would have been awarded real estate conveyed by a deed of gift from her relatives if the husband had been named as a grantee solely because of his marriage to his wife. *Griffith v. Griffith,* Ky., 458 S.W.2d 449 (1970). We conclude that a different result is not required under the present act. Under KRS 403.190(3), marital property is divided without regard to record title. When the trial court assigns "each spouse's property" pursuant to KRS 403.190(1), record title should not be controlling. Therefore, the tract conveyed in 1961 by gift from the wife's brother should be considered as the wife's nonmarital property unless the trial court finds that Ester Angel was named as a grantee for a reason other than his marriage to Mossie Lee.

 The increased value of the thirty acre farm attributable to the improvements constitutes marital property. *Sharp v. Sharp, supra* (first appeal). However, the trial court made no finding of fact allocating the value of the farm between marital property and nonmarital property. Because of the erroneous findings of the trial court relating to the contribution of the parties to the acquisition of farm and because of the absence of the specific findings respecting the nonmarital property of the parties, the case must be remanded to the trial court for further proceedings. *Robinson v. Robinson,* Ky.App., 548 S.W.2d 155 (1977).

The judgment of the circuit court is reversed with the following directions:

(1) The trial judge shall make specific findings with respect to the nonmarital property owned by the parties.

(2) The trial court shall divide the marital property in just proportions in accordance with the standards set forth in KRS 403.190(1), taking into consideration the nonmarital property assigned to each party.

(3) If the trial court concludes that it is impossible to make the necessary findings on the basis of the existing record, the trial court may order the parties to introduce proof on such issues as the trial court may designate.

WHITE, J., concurs in this opinion.

VANCE, J., concurs in the result for the reasons stated in his concurring opinion in *Turley v. Turley,* Ky.App., 562 S.W.2d 665 (this day decided).