**Wardie Ellen TURLEY, Appellant,**

v.

**Ernest Loyd TURLEY, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1978.

Athol Lee Taylor, Taylor & Waller Law Offices, Shepherdsville, for appellant.

Charles C. Sanders, Shepherdsville, for appellee.

Before PARK, VANCE and WHITE, JJ.

PARK, Judge.

This is an appeal from a judgment dissolving the marriage between the appellant, Wardie Ellen Turley and her husband, Ernest Loyd Turley, the appellee. Mrs. Turley raises three issues: (1) whether the trial court arbitrarily assigned erroneous values to marital property; (2) whether the trial court's division of the property accumulated during the marriage was erroneous; and (3) whether the trial judge should have disqualified himself because of kinship with counsel for Mr. Turley.

The parties were married for twenty-three years. At the time of the commencement of the action, Mrs. Turley was forty-nine years of age, and Mr. Turley was sixty-three years of age. There were no minor children. Mr. Turley suffered a stroke in 1974, and he has not worked since that time. Mrs. Turley had been employed by General Electric Company. At the time of the hearing she was on sick leave as a result of an injury and was "drawing compensation."

I

■ The trial judge found that the property owned by the parties at the time of their separation had a value of approximately $15,000.00. Mrs. Turley contends that the values assigned by the trial court to the various items of property were erroneous. The only testimony respecting value was offered by Mr. Turley himself. Mrs. Turley did not contradict his estimates, and she offered no evidence of her own as to value. Considering the state of the record submitted to the trial judge for determination, we conclude that his findings as to the value of the items of personal property were not clearly erroneous. CR 52.01.

■ A more difficult question is presented by the trial court's finding that the parties' equitable interest in a lot and mobile home had a value of $5,000.00. The evidence did show that $3,500.00 from the sale of Mr. Turley's farm in 1956 had been invested in the purchase and improvement of the lot. The mobile home had been purchased four years before the separation for $9,995.00. The purchase of the mobile home was financed over a twelve year period, and at the time of separation the balance due was $13,000.00 which included interest charges and insurance premiums for eight years in the future. No proof was offered to indicate what portion of the balance due was attributable to the unaccrued finance charges and insurance premiums. Mr. Turley testified that, in his opinion, the mobile home itself was worth not more than $8,000.00. An eighty foot strip had been sold off the original lot for $500.00. This constituted all of the evidence respecting the value of the mobile home and lot. Mrs. Turley offered absolutely no evidence respecting the value of the mobile home and lot. With such scanty proof as to the value of the lot and mobile home and with Mrs. Turley having offered no evidence whatever as to value, we cannot find that the value assigned by the trial court was clearly erroneous. In the absence of any other evidence in the record, the trial judge was entitled to draw on his own experience and knowledge. Certainly, we cannot say that the value assigned was excessive when the complaining party offered no evidence respecting the principal asset owned by the parties.

II

At the time of their marriage, Mrs. Turley had approximately $500.00 in cash. The sum was used by the parties during the

marriage, and it could not be traced into any present asset owned by them. At the time of the marriage, Mr. Turley owned a farm which was subsequently sold during the marriage for $3,500.00. The proceeds were invested by the parties in the purchase and improvement of the lot upon which the parties resided in the mobile home at the time of their separation. At the time of the marriage, Mr. Turley also owned a car and some furniture which was valued by the trial court at $2,200.00. During the marriage, he inherited the sum of $1,684.40. The automobile, the furniture, and the inheritance were used by the parties during the marriage, and could not be traced into any present asset owned by them.

In dividing the property belonging to the parties, the trial court assigned the bulk of the property to Mrs. Turley. However, the trial court directed that she pay to her husband the sum of $9,360.70. According to the findings of fact, conclusions of law, and judgment of the trial court, this sum represented one half of the marital property, plus the value of the property owned by Mr. Turley at the time of the marriage or inherited by him during the marriage, less the value of the marital property assigned to him.

 In making this award, the trial court erred in failing to take into account the sum of $659.00 withdrawn by Mr. Turley from an account at the People's Bank. This sum should have been taken into account in making a division of marital property. Mrs. Turley further contends that the trial court erred in its division of the property of the parties because Mr. Turley did not trace the proceeds of the inheritance received by him and the furniture and automobile owned by him at the time of the marriage into specific assets owned at the time of the separation. We agree that this also was error.

KRS 403.190(2) defines "marital property" to include all property acquired by either spouse subsequent to the marriage except:

(a) Property acquired by gift, bequest, devise or descent;

(b) Property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(c) Property acquired by a spouse after a decree of legal separation;

(d) Property excluded by valid agreement of the parties; and

(e) The increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during [the] marriage.

Subparagraph (3) of KRS 403.190 then provides that all property acquired by either spouse after the marriage is presumed to be marital property without regard to record title. This presumption is overcome only by a showing that the property was acquired by one of the five exceptions listed in subsection (2) of the statute.

In this case, Mr. Turley failed to show that any property owned by the parties at the time of the separation was acquired by use of his inheritance or from the proceeds from the sale of the automobile and furniture owned by him prior to the marriage. Because he did not trace the inheritance or the proceeds, if any, from the disposition of the automobile and furniture, it was error for the trial court to award him the value of such items. *Sharp v. Sharp*, Ky., 516 S.W.2d 875, 878 (1974); *Farmer v. Farmer*, Ky., 506 S.W.2d 109, 112 (1974). Likewise, the trial court erred in awarding Mrs. Turley the sum of $500.00 which she owned at the time of the marriage and which she could not trace into specific assets owned by the parties at the date of separation. Mr. Turley did trace the proceeds from the sale of the farm which he owned at the time of the marriage into the lot which was owned by the parties. Consequently, it was not error for the trial court to award him that sum as nonmarital property in lieu of the lot itself.

 Even though we have approved the values assigned by the trial court to the property owned by the parties, the errors in

the judgment in dividing the property of the parties cannot be corrected by this court. This court has held that there is a presumption that each spouse contributed equally to the accumulation of the marital property in marriages of substantial duration in which the accumulation of marital property is relatively modest. *Herron v. Herron*, Ky.App., 24 Ky.L.Summ. 15 (Nov. 4, 1977). Under KRS 403.190(1), the trial court is required to consider the contribution of each spouse to the acquisition of the marital property. When the nonmarital property of one spouse is expended as a part of the team effort for the benefit of the marriage, that amount can be considered by the trial court in measuring the contribution of each spouse to the acquisition of the marital property. *Sharp v. Sharp, supra; Farmer v. Farmer, supra*. In addition, the trial court may consider the economic circumstances of each spouse, which would include health and ability to work. Taking into consideration Mr. Turley's contribution of nonmarital property to the team effort and taking into consideration his present health, we cannot assume that the trial court would decree an equal division of the marital property.

Consequently, we conclude that the case must be remanded to the trial court so that he may consider the division of the marital property in light of our holding that only the lot constitutes nonmarital property. In light of the unsatisfactory evidence relating to the value of the lot and the mobile home, the trial court may in its discretion permit or require the parties to introduce further testimony as to value of that property.

### III

■ Mrs. Turley contends that the trial judge should have disqualified himself in the case because his son was counsel for Mr. Turley. There is no merit for this argument. No motion to vacate was ever made, and the issue was raised for the first time on appeal. The new statute respecting the disqualification of judges did not go into effect until after entry of the judgment in this case. 1976 Ky. Acts (Ex.Sess.), ch. 22, § 4.

The judgment of the circuit court is reversed with directions to make a new findings of fact and to enter a new judgment as provided in this opinion.

WHITE, Judge, concurs in this opinion.

VANCE, Judge, concurs by a separate opinion.

VANCE, Judge, concurring.

I concur in the result reached by the majority solely because I accept the view of the majority that *Sharp v. Sharp*, Ky., 516 S.W.2d 875 (1974), and *Farmer v. Farmer*, Ky., 506 S.W.2d 109 (1974), require that inheritances, gifts, and property owned at the time of marriage must be traced to some asset currently owned by the parties before the inheritances, gifts or previously owned property can be claimed as nonmarital property which was later exchanged for other property.

I think this premise should be reexamined. KRS 403.190 does not use the word "trace." The tracing of one asset into another is a complicated legal and accounting process and, in my opinion, it is inimical to the spirit of marriage.

Marriage connotes sharing, with the concentration upon what is "ours" rather than what is "his" and what is "hers." It does not bode well for the institution of marriage if each partner must keep in the back of his mind the possible advantage to be obtained by keeping up with and being able to trace every penny brought into the marriage. In addition, the process of tracing is usually so complex that the expense involved cannot be justified when the accumulation is small as in this case.

If either marriage partner has property at the time of marriage, or later acquires property by gift, descent or devise, and that property remains intact at the time of dissolution, assignment of that property as a nonmarital asset is required by statute. If the property owned at the time of marriage, or later acquired by gift, devise, or

inheritance, is converted into cash and used during the marriage so that it cannot be traced into any asset owned at the time of dissolution, I see no reason why each partner should not still be assigned as nonmarital property the value of the property that would otherwise have been regarded as nonmarital property except for the fact that it cannot be traced.

The purpose of the classification of property as marital and nonmarital is to facilitate restoration to each party of his property which was acquired outside of the marriage and to divide that which was accumulated during the marriage.

Regardless of whether assets can be traced, there is no accumulation of property during marriage unless the assets owned by the parties at the time of dissolution have a greater value than the total value of the property owned by them when married added to the value of property later acquired by gift, descent or devise. As long as the parties own at least as much when they separate as they owned before marriage, or acquired by gift or devise, the previously owned property and the gifts and devises have in one way or another changed in form and I would see no difficulty in holding that this changed form constitutes property acquired in exchange for the property previously owned, or acquired by gift or devise, whether the exchange can be actually traced or not.

Great inequity can result from any other course. For example, consider a husband and wife who each have $10,000.00 when married, his in the form of a certificate of deposit and hers in cash. If, when the marriage is dissolved, they own $20,000.00 worth of property in addition to the certificate of deposit, it goes without saying that her original $10,000.00 is included therein although she might find it impossible to trace it.

I would prefer to assign each of them $10,000.00 in nonmarital property rather than to assign the husband the $10,000.00 certificate as nonmarital property and attempt to divide the remainder as nonmarital. That is what the trial judge did in this case. I would like to affirm the judgment but I feel bound by the decisions in *Sharp* and *Farmer* and therefore must concur in the reversal.