**Myron Lance ALLEN, Appellant,**

v.

**Fannie Alma ALLEN, Appellee.**

Court of Appeals of Kentucky.

July 6, 1979.

J. Granville Clark, Russellville, for appellant.

G. D. Milliken, Jr., Bowling Green, for appellee.

Before HAYES, REYNOLDS and VANCE, JJ.

VANCE, Judge.

In this dissolution of marriage proceeding appellant contends the trial court erred in the following respects:

1. Failure to restore to appellant a savings account of $5,248.23 as nonmarital property.
2. Failure to allocate a portion of wife's farm as marital property due to permanent improvements made by appellant.
3. Failure to place any value on household furnishings awarded to the wife.
4. Failure to award appellant ½ of a $6,200.00 joint bank account.

At the time of marriage appellant had an interest in a retirement fund at his place of employment valued at $5,248.23. During the marriage this retirement fund increased to approximately $22,000.00. Appellant retired and withdrew the $22,000.00. Of this amount the $5,248.23 constituted nonmarital property. It was not allocated as such because the trial judge felt it had not been traced into a present asset as required by *Sharp v. Sharp,* Ky., 516 S.W.2d 875 (1974) and *Turley v. Turley,* Ky.App., 562 S.W.2d 665 (1978).

When the retirement fund was withdrawn the parties spent $14,000.00 for various marital purposes and deposited $8,000.00 in a savings account. Subsequently the parties sold a farm and realized a profit of $32,000.00 on the sale. This $32,000.00 was also deposited in the savings account. At the year's end the parties were confronted with a substantial income tax liability of approximately $8,000.00 as a result of the farm sale. The sum of $8,000.00 was withdrawn from the savings account to pay the taxes. From the time of the initial deposit into the savings account the balance in that account was never less than $5,248.23.

Although our cases have interpreted KRS 403.190 to require a "tracing" of nonmarital assets, the concurring opinion in *Turley v. Turley, supra,* points out some of the difficulties which are often encountered as a result thereof. We think the requirement of tracing should be fulfilled, at least as far as money is concerned, when it is shown that nonmarital funds were deposited and commingled with marital funds and that the balance of the account was never reduced below the amount of the nonmarital funds deposited. Such was the situation here. It was not a literal tracing in the strict sense of the word, but our conclusion does no violence to the purpose of the statute, which is to equitably divide that which was accumulated by "team effort." There can be no accumulation unless the parties have more at the end of the marriage than they had in the beginning. The appellant is entitled to restoration of the $5,248.23 as nonmarital property.

Permanent improvements to the farm were made during the marriage. These consisted of digging water wells; clearing fence rows and clearing several acres of woodland; adding a new room and bathroom to the house, including plumbing and wiring; and installing new fencing, posts and gates.

The testimony indicated the farm was worth $25,000.00 at the time of marriage and $125,000.00 at the time of separation. An expert witness testified that one-half of the increase was due to inflation and the other one-half due to improvements and the husband-like manner in which appellant had tended the farm.

There was other testimony that in some respects the farm had been allowed to run down, and that except for inflation, it had no greater market value. These other witnesses did not contradict that some permanent improvements were placed upon the farm or that the improvements added something to the value of the farm.

■ The trial judge did not assign as marital property any increase in value of the farm due to the labor and expenditure in improving the farm during the marriage. We think some value must be so assigned because even if the market value of the farm is no greater now than in the beginning, it is without dispute that because of the improvements the value is greater than it would be without them.

The income produced by the farm during the marriage was marital income, and the benefits the parties received in living on the land were marital benefits, and appellant's interest in the improvements to the land cannot be offset by the personal benefits he received from living on the land.

The parties had a joint bank account containing $6,200.00 at the time of separation. Appellee withdrew $3,100.00. She then filed a motion for an allowance for child support and maintenance during the pendency of the action. No order was entered on the motion, but the judgment recites that the parties agreed the wife could use the $3,100.00 she withdrew for living expense and that she would not be charged therewith in the division of the property.

■ The court found that the bank account of $6,200.00 was marital property. Since the wife was permitted to withdraw $3,100.00 and was not chargeable therefor, the marital account was reduced to $3,100.00. The court found that the parties were entitled to an equal division of marital property. The judgment which required appellant to pay the entire $3,100.00 remaining in the bank account to the appellee was erroneous. He should have to pay over only one-half of the account.

■ Appellant complains that the wife was awarded the household furniture and appliances without having a value placed upon them. Neither party placed in the record any credible evidence of the value of the household goods. The appellant moved into a house trailer which was furnished. The court found that appellant had adequate household goods to meet his needs and that appellee needed the furniture and appliances in the house for herself and the infant child whose custody she was given. On this record we cannot say the award of the household furnishings was unjust.

The judgment is reversed for the entry of a new judgment in conformity with this opinion. In his discretion the trial judge may permit the introduction of additional evidence on the question of the extent of the value of the farm attributable to team effort during the marriage.

All concur.