RENDERED: MARCH 22, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0336-MR

SOUMAYA JABRAZKO                       APPELLANT


APPEAL FROM KENTON CIRCUIT COURT
v.        HONORABLE TERRI KING SCHOBORG, JUDGE
ACTION NO. 21-CI-01465


ERIC A. KLEIMAN                          APPELLEE


AND


NO. 2023-CA-0353-MR

ERIC A. KLEIMAN                        APPELLANT


APPEAL FROM KENTON CIRCUIT COURT
v.        HONORABLE TERRI KING SCHOBORG, JUDGE
ACTION NO. 21-CI-01465


SOUMAYA JABRAZKO                    APPELLEE

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: This is an appeal/cross-appeal from a dissolution of

marriage, wherein the Kenton County Circuit Court, Family Division, equitably

divided various marital and nonmarital assets. The parties were married on June

21, 2019. Husband filed a Petition for Dissolution on September 28, 2021. The

Decree of Dissolution was entered on June 14, 2022. A Supplemental Decree was

entered December 29, 2022. The Appellant/Cross-Appellee is Soumaya Jabrazko

(Wife). Appellee/Cross-Appellant is Eric Kleiman (Husband). For the following

reasons, we affirm in part, reverse in part, and remand.

## STANDARD OF REVIEW

KRS[1] 403.190 governs the disposition of marital property in a

dissolution of marriage. The classification of marital and nonmarital property is

reviewed *de novo*. *Heskett v. Heskett*, 245 S.W.3d 222, 226 (Ky. App. 2008).

However, "[w]e review a trial court's determinations of value and division of

marital assets for abuse of discretion." *Young v. Young*, 314 S.W.3d 306, 308 (Ky.

App. 2010) (citation omitted). "The test for abuse of discretion is whether the trial

---

[1] Kentucky Revised Statutes.

-2-

judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). With these general standards in mind, we return to the record and arguments at issue in the present case.

## ANALYSIS

Before addressing the merits, we must address Husband's pending motion to strike Wife's reply brief on the basis of insufficient citations, as required under the Kentucky Rules of Appellate Procedure (RAP). The brief at issue is not a primary brief. Any deficiencies that may exist do not merit striking the brief. Moreover, striking this brief will have no material impact on our decision. Therefore, having considered the relevant arguments and law, Husband's motion is denied.

As to the merits, the parties collectively raise thirteen issues on appeal, most of which overlap. For the sake of clarity, we will provide a brief summary of the underlying judgment and then address each disputed asset/issue. First, we must provide the applicable legal standard. When dividing property in a divorce, a trial court is required to follow a three-step process:

> (1) the trial court first characterizes each item of property as marital or nonmarital; (2) the trial court then assigns each party's nonmarital property to that party; and (3) finally, the trial court equitably divides the marital property between the parties.

*Travis v. Travis*, 59 S.W.3d 904, 909 (Ky. 2001) (footnotes omitted). KRS 403.190(1) contains factors which the trial court must consider when dividing marital property:

> (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;
>
> (b) Value of the property set apart to each spouse;
>
> (c) Duration of the marriage; and
>
> (d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

At the time of trial, Wife was employed by General Electric Aviation (GE). Her gross income in 2021 was $492,947.67. Husband was employed by Maxim Crane. His gross income in 2021 was $187,767.22. Wife owns a pre-marital residence in Morocco. Husband sold his premarital residence and deposited the proceeds into a savings account. Wife lives in the marital home, which had a stipulated value of $737,500 at the time of dissolution. The parties have no children.

The family court ordered that the parties' retirement accounts be divided pursuant to a Qualified Domestic Relations Order (QDRO). The court evenly divided the parties' various cash accounts. Husband was awarded his one-

half share of equity in the marital home. The net result is that Wife owed Husband $222,260.08. The primary issue on appeal is whether the family court erred in its assessment of Wife's Savings Account[2] as marital property, and thus, whether it also erred by dividing its balance evenly between the parties at the time of dissolution. And while we do not defer to the family court here, it is beneficial to cite its relevant conclusions of law:

> As to HSBC-UAE savings account, this was an account set up by the wife pre-marriage. The wife put the husband's name on the account post marriage and began to deposit marital funds into the account. She then made withdrawals from the account during the marriage, including expenses for the house. The balance of the account as of April 30, 2022, had dropped below the pre-marital balance. Wife claims that this balance should be declared non-marital but there is no Kentucky law to support this position. The wife has not been able to provide evidence of tracing regarding the account except the balances. Kentucky has provided a very generous tracing doctrine that will assume that an account is non-marital despite being unable to trace all the funds provided the balance does not fall **below** the pre-marriage balance. See *Chenault v. Chenault*, 799 S.W.[2]d [575], 578 (Ky. 1990), citing *Allen v. Allen*, 569 S.W.2d 599 (Ky. App. 1979). The wife cannot meet this requirement; the balance fell below the stipulated amount of $300,379.00. As Justice Vance noted in his concurring opinion in *Turley v. Turley*, 562 S.W.2d 665, 669 [(Ky. App. 1978)] this creates a harsh rule. However, he noted that under the legal theory of *stare decisis*, the court had on at least two previous cases held to such a rule and therefore he supported the decision in the *Turley* case. That is the situation here. The result is

---

[2] Identified in the record as HSBC-UAE 299-050 Savings Account.

harsh, but it is also crystal clear under Kentucky law. The "last in-first out" theory for tracing co-mingled funds cannot be applied if the account balance fell below the pre-marriage balance. So here this account is marital as a matter of law, the wife having failed to meet her burden of proof as to tracing.

The court concludes that Husband's stipulated non-marital interest of $114,222.46 was also converted to a marital asset under *Chenault*.

(Emphasis in original.) The Supreme Court has summarized *Chenault* as follows:

The presumption in Kentucky is that all property acquired during the course of the marriage is marital property, unless the property can be shown to have originated in one of the excepted ways outlined in KRS 403.190(2). A party claiming that property acquired during the marriage is other than marital property, bears the burden of proof. While the word does not appear in the statute, judicial construction of KRS 403.190 has given rise to the concept of tracing. In *Chenault*, this Court recognized that tracing to a mathematical certainty is not always possible, noting that: While such precise requirements for nonmarital asset-tracing may be appropriate for skilled business persons who maintain comprehensive records of their financial affairs, such may not be appropriate for persons of lesser business skill or persons who are imprecise in their record-keeping abilities.

. . . While *Chenault* recognized the potential difficulties of tracing and sought to relax the draconian requirements laid down in prior case law, it did not do away with the tracing requirements altogether.

*Terwilliger v. Terwilliger*, 64 S.W.3d 816, 820-21 (Ky. 2002), *as modified* (Feb.

11, 2002) (internal quotation marks and citations omitted).

-6-

In addition to *Chenault*, the family court and the parties also rely on the foundational case of *Allen v. Allen*, 584 S.W.2d 599 (Ky. App. 1979). *Allen* held that "the requirement of tracing should be fulfilled, at least as far as money is concerned, when it is shown that nonmarital funds were deposited and commingled with marital funds and that the balance of the account was never reduced below the amount of the nonmarital funds deposited." *Id*. at 600. More recently a panel of this Court has observed that, despite some disagreement, *Chenault* "did not overrule *Allen*'s holding . . . . Therefore, this holding appears to still be good law in the Commonwealth." *Mattingly v. Fidanza*, 411 S.W.3d 250, 257 (Ky. App. 2013) (internal quotation marks and citations omitted).

Pursuant to the aforementioned case law, the family court foreclosed any premarital interest in Wife's Savings Account because the end amount was less than the beginning amount. We agree with Wife that such a result is a misapplication of *Allen*, *et al*. To be clear, we do not overrule or modify *Allen*. Rather, we reiterate that when nonmarital funds have been comingled with marital funds – resulting in a balance lower at dissolution than prior to the marriage – tracing *may* permit a party claiming a nonmarital interest to obtain such, either in whole or in part. Here, it is undisputed that the marital funds deposited into Wife's Savings Account consisted primarily of Wife's salary from GE. These comingled funds were used for marital expenses. Wife presented extensive tracing materials

-7-

to the family court. We do not make a judgment on this evidence. However, it is clear that the family court erroneously concluded that the Savings Account was automatically "converted" into marital funds and were therefore, "marital as a matter of law[.]"[3]

Therefore, we remand this case for the family court to consider Wife's Savings Account tracing evidence in order to determine whether any portion of the $272,300.00 ending balance should be classified as Wife's nonmarital property and if so, how much. And for the sake of consistency with the foregoing analysis, Husband shall also be permitted to produce tracing evidence for the family court to

---

[3] The family court also summarily concluded that Wife failed to provide sufficient tracing evidence and that she provided only account "balances." In consideration of the relaxed tracing requirements announced in *Allen* and *Chenault*, there is nothing precluding mere "balances" from the court's consideration. In fact, the tracing evidence at issue here is much more detailed and should be reviewed by the family court. Moreover, an example *ad absurdum* may prove instructive: A nonmarital savings account has a premarital balance of $300,000.00. It is comingled with marital funds and its marital contributions are used for marital expenses. At the time of dissolution, its balance is $301,000.00. Pursuant to the family court's application of *Allen*, *et al.*, $300,000.00 of that sum would be nonmarital, and the $1,000.00 would be divided equitably as marital. In contrast, if the same account had a balance at the time of dissolution of $299,000.00, then it would be automatically "converted" into entirely marital funds and likely, as was the case here, divided by the court into marital halves. If the latter result is to be obtained as matter of law, it must be clearly articulated in the case law, which is not currently present. At the very least, tracing evidence should be appropriately considered. We do not opine as to what type or degree of tracing evidence is necessary here. However, we do observe that the thrust of *Allen* and *Chenault* is to reduce overly stringent tracing requirements where appropriate. *See Property division – Permissible methods of tracing*, 15 KY. PRAC. DOMESTIC RELATIONS L. § 15:13.

reconsider his nonmarital interest in Husband's Savings Account.[4]  To be clear, this account concerns a similar *Allen* issue.  And again, we make no decision as to the existence or amount of potentially nonmarital property in either of these accounts.  We will now address any remaining issues, all of which concern the division of marital property, which is reviewed for an abuse of discretion.

Wife further contends that the family court failed to properly consider KRS 403.190 when dividing the parties' property.  We disagree.  The family court specifically cited to this provision, and clearly applied its principles throughout its detailed findings.  Wife also asserts that the court failed to consider the funds Wife spent on a pool at the marital residence, additional construction costs, property taxes paid while the parties were separated, as well as funds she repaid GE for a housing stipend.  These matters were appropriately resolved when assessing the value of the marital realty, and the allocation of its equity and title.  There was no error here.

Furthermore, Wife claims that the court erred by dividing funds contained in Wife's checking account ending in 6792, because that account has been closed.  Husband does not challenge this assertion.  If the account is closed, the court should address this issue on remand, and identify a new source of funds if necessary.  Lastly, Wife alleges that the court failed to provide details concerning

---

[4]  Identified in the record as "Huntington Bank Savings Account ending in 9696."

her interest in Husband's GE Retirement Savings Plan, and that there is insufficient information to properly draft a QDRO. To the extent there is any confusion concerning Wife's interest in those assets, the court may provide clarity as necessary. However, there is no need for the court to reconsider the merits of this issue.

We have reviewed the entirety of Wife's claims, and having carefully considered her arguments, cannot conclude that the court abused its discretion. To reiterate, "[t]he test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *English*, 993 S.W.2d at 945 (citations omitted). We now turn to Husband's arguments.

First, Husband contends that the court erred in determining the valuation date for Wife's HSBC USA checking account ending in 6481. Wife does not challenge the merits of this assertion. On remand, the court shall consider the balance of that account as of April 29, 2022 – the date closest to dissolution – which is the standard employed by the family court when evaluating the other assets at issue here, including Wife's Savings Account. Husband's final claim of error concerns the family court's denial of his request for attorney's fees award. The statute governing attorney's fees is KRS 403.220. It has been summarized and applied as follows:

> Under this statute, a trial court may order one party
> to a divorce action to pay a reasonable amount for the

-10-

attorney's fees of the other party, but only if there exists a disparity in the relative financial resources of the parties in favor of the payor. But even if a disparity exists, whether to make such an assignment and, if so, the amount to be assigned is within the discretion of the trial judge. There is nothing mandatory about it. Thus, a trial court's ruling on attorney fees is subject to review only for an abuse of discretion.

*Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004) (internal quotation marks and footnotes omitted). Furthermore, "[the trial court] is in the best position to observe conduct and tactics which waste the court's and attorneys' time and must be given wide latitude to sanction or discourage such conduct." *Gentry v. Gentry*, 798 S.W.2d 928, 938 (Ky. 1990). Although Wife's income is significantly greater than Husband's, both parties have sufficient resources to retain counsel throughout the duration of this litigation, which includes advanced property issues. Accordingly, there was no abuse of discretion here. However, in the interest of an equitable and prompt resolution to this litigation, the court may consider the appropriate allocation of future attorney's fees incurred on remand.

## CONCLUSION

For the foregoing reasons, we AFFIRM in part, and REVERSE in part. We REMAND with instructions that the court reconsider the classification and division of Wife's Savings Account funds and the Husband's Savings Account. Any remaining issues concerning the retirement/checking accounts shall be addressed as necessary, and in accordance with this decision.

-11-

ALL CONCUR.

ENTERED: _March 22, 2024___       _____

                                       JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT/CROSS-APPELLEE:

Jennifer Scholl Overmann
Ft. Mitchell, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT:

Michael J. McMain
Florence, Kentucky

Dominic V. Millard
Covington, Kentucky